1 | VALLE MAKOFF LLP
Jeffrey B. Valle (CA Bar No. 110060)
2 |   jvalle@vallemakoff.com
JULIE J. ROBACK (Bar No. 175528)
3 |   jroback@vallemakoff.com
11911 San Vicente Blvd., Suite 324
4 | Los Angeles, California 90049
Telephone: (310) 476-0300
5 | Facsimile:  (310) 476-0333

6

Attorneys for Plaintiff
7 | Taras Volgemut

8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

WESTERN DIVISION

11

12 | Taras Volgemut, an individual,

Case No. 2:12-cv-06678-JCG

13 |             Plaintiff,

DECLARATION OF JULIE J.
ROBACK IN SUPPORT OF
14 |     v.

REQUEST FOR ENTRY OF
DEFAULT AND REQUEST FOR
15 |

DEFAULT JUDGMENT BY CLERK

16 | Dieter P. Abt, an individual,

17 |             Defendant.

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF JULIE J. ROBACK IN SUPPORT OF REQUEST FOR ENTRY OF
DEFAULT AND REQUEST FOR DEFAULT JUDGMENT BY CLERK

I, Julie J. Roback, declare as follows:

1. I am an attorney at the law firm Valle Makoff LLP, counsel of record for plaintiff in this action. I provide this declaration in support of Plaintiff's Request for Entry of Default and Default Judgment by Clerk. Except as otherwise stated, I have personal knowledge of each fact stated in this declaration, and if called upon, I could and would testify to the following of my own personal knowledge.

2. Plaintiff served the complaint on defendant Dieter P. Abt on September 10, 2012, via substitute service, evidenced by the proof of service of summons on file with this Court [Docket #5].

3. Defendant has not appeared in this action and has not responded to the complaint within the time permitted by law.

4. Defendant is not a minor, incompetent person, or a person in military service or otherwise exempted from default judgment under the Soldier's and Sailor's Civil Relief Act of 1940.

5. A request for entry of default is made concurrently herewith.

6. This action involves a claim for damages by plaintiff Taras Volgemut against defendant Dieter P. Abt under a contract, to wit: the Loan Agreement dated December 7, 2011 entered into by plaintiff Taras Volgemut and defendant Dieter P. Abt ("Loan Agreement").   As set forth in the Complaint, pursuant to the Loan Agreement, plaintiff Taras Volgemut loaned defendant Dieter P. Abt $1,000,000 to be paid back with 9 percent interest per annum pursuant to the terms of the Loan Agreement.  A copy of said Loan Agreement is attached hereto as Exhibit A.  The Loan Agreement provides an acceleration clause whereby the payback of the principal and accrued interest is due within ten (10) days of Mr. Volgemut's demand if a sale of shares in the company Meteor to Mr. Volgemut is not completed by March 31, 2012.  As set forth in Plaintiff's Complaint, the sale of Meteor shares never occurred and thus, pursuant to the Loan Agreement, on April 27, 2012,

DECLARATION OF JULIE J. ROBACK IN SUPPORT OF REQUEST FOR ENTRY OF DEFAULT AND REQUEST FOR DEFAULT JUDGMENT BY CLERK

1  Plaintiff demanded repayment of the loan principal plus interest by May 7, 2012. As
2  further alleged in the Complaint, despite Plaintiff's repeated demands for repayment
3  and Defendant's admissions that the money is owed as well as Defendant's repeated
4  assurances that repayment would be made, no repayment has been made.

5      7. There is now due and owing under said Loan Agreement the sum of
6  $1,000,000 plus 9 percent interest per annum. The total debt outstanding as of
7  October 25, 2012 amounts to $1,079,004.23 pursuant to the following calculation:
8  Pursuant to the Loan Agreement plaintiff loaned defendant $1,000,000 which was
9  paid out in two payments -- $200,000 to defendant on December 5, 2011 and the
10 remaining $800,000 to defendant on December 12, 2011. Nine percent interest on
11 the $200,000 for the seven days before the remaining money was loaned amounts to
12 $345.21 (calculated as follows: 9% of $200,000 equals $18,000 divided by 365 days
13 equals $49.32 of interest per day multiplied by 7 days equals $345.21). Nine percent
14 interest on the full $1,000,000 from December 12, 2011 through today's date
15 amounts to $78,659.02 (calculated as follows: 9% of $1,000,000 equals $90,000
16 divided by 365 days equals $246.58 per day multiplied by 319 days equals
17 $78,659.02). Thus, as of October 25, 2012, $78,659.02 plus the $345.21 is owed in
18 interest, bringing the total outstanding debt to be $1,079,004.23.

19     8. The sum owed has not been paid.

20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28

2

DECLARATION OF JULIE J. ROBACK IN SUPPORT OF REQUEST FOR ENTRY OF
DEFAULT AND REQUEST FOR DEFAULT JUDGMENT BY CLERK

9.  Pursuant to the terms of the Loan Agreement sued upon herein, Plaintiff is entitled to reasonable attorney fees. The amount of reasonable fees is fixed by Central District Local Rule 55-3 in the sum of $25,180.09 ($5600 plus $19,580.09 (2% of amount owed in excess of $100,000 ($979,004)).

10.  Plaintiff has incurred costs in the amount of $705.55.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 25th day of October, at Los Angeles, California.

_____
Julie J. Roback

3

# EXHIBIT A

4

## LOAN AGREEMENT

THIS LOAN AGREEMENT (this "Agreement") dated this 7th day of December, 2011

BETWEEN:

Taras Volgemut of 62, Doktor-Max-Strasse
82031 Grunwald Deutschland
(the "Lender")

OF THE FIRST PART

AND

Dieter Abt of 1700 Carla Ridge, Beverly Hills, CA 90210
(the "Borrower")

OF THE SECOND PART

TAKING IN CONSIDERATION THAT:

a) the Parties had concluded the Agreement on Mutual Understanding and Cooperation
(the Cooperation Agreement) and had specified the aim of their cooperation within
this Loan Agreement has been executed;

b) the Borrower has signed on December 7th, 2011 a Letter of personal guarantee to pay
promptly the principal part and the interests arising from the credit relation stipulated
hereafter in this Agreement and to secure this relation toward the Lender with rightful
security by terms of the aforesaid Letter;

c) the Lender loaning certain monies (the "Loan") to the Borrower, and the Borrower
repaying the Loan to the Lender, both parties agree to keep, perform and fulfill the
promises and conditions set out in this Agreement:

**Loan Amount & Interest**

1. The Lender promises to loan one million ($1,000,000.00) USD, to the Borrower and the
Borrower promises to repay this principal amount to the Lender, at such address as may be
provided in writing, with interest payable on the unpaid principal at the rate of 9 percent per
annum, calculated annually not in advance.

**Repayment**

2. This Loan will be repaid in 1 annual installment of principal and interest on the anniversary
date of the execution of this Agreement commencing next year with the balance owing under
this Agreement being paid at the end of its term.

3. In occasion the Agreement on Sale of shares (which is Step 2 in Cooperation Agreement) of
Meteor Group (Meteor) to Lender will not be agreed and signed before March, 31st 2012, the
Lender has a right to demand the immediate repayment of the principal amount and the
accrued interest. In such occasion the Borrower has an obligation to repay the full amount of
principal and accrued interest in 10 banking days from receiving of such written notice from
Lender.



5

**Default**

4. Notwithstanding anything to the contrary in this Agreement, if the Borrower defaults in the performance of any obligation under this Agreement, then the Lender may declare the principal amount owing and interest due under this Agreement at that time to be immediately due and payable.

5. If the Borrower defaults in payment as required under this Agreement or after demand for ten (10) days, a) the Security will be immediately provided to the Lender and the Lender is granted all rights of repossession as a secured party and b) the personal guarantee is executed in full power as set forth in the Letter of personal guarantee.

**Additional Clauses**

6. Mr. Volgemut may consider converting personal loan to Meteor loan at 5% after completion of contracts between himself, Dieter Abt and Meteor as suggested by the parties.

**Security**

7. This Loan is secured by the following security (the "Security"): 15% share of DPA Holdings which holds 100% of Dieter Abt's holding in BVX llc.

8. The Security should be properly registered as requested by the legislation, effective in the State of California, the U.S.A., by the time the Loan is granted.

9. The Borrower grants to the Lender a security interest in the security until this Loan is fully paid or until loan might be converted to a Meteor loan.

10. In relation to Security the Borrower abides by all the rules and obligations taken by him with personal guarantee of December 7th, 2011.

**Confirmation**

11. Borrower assures that the value of 15% of DPA Holdings share is not less than 1 200 000 ($ one million two hundred thousands) USD. In case the Security has provided to Lender and the value of Security is less than assured by Borrower the latter has an obligation to provide additional Security to cover the difference in value of Security or to reimburse the undervalued sum in money.

**Governing Law**

12. This Agreement will be construed in accordance with and governed by the laws of the State of California.

**Costs**

13. All costs, expenses and expenditures including, without limitation, the complete legal costs incurred by enforcing this Agreement as a result of any default by the Borrower, will be added to the principal then outstanding and will immediately be paid by the Borrower.

**Binding Effect**

14. This Agreement will pass to the benefit of and be binding upon the respective heirs, executors, administrators, successors and permitted assigns of the Borrower and Lender. The Borrower waives presentment for payment, notice of non-payment, protest, and notice of protest.

**Amendments**

15. This Agreement may only be amended or modified by a written instrument executed by both the Borrower and the Lender.

**Severability**

16. The clauses and paragraphs contained in this Agreement are intended to be read and construed independently of each other. If any term, covenant, condition or provision of this Agreement is held by a court of competent jurisdiction to be invalid, void or unenforceable, it is the parties' intent that such provision be reduced in scope by the court only to the extent deemed necessary by that court to render the provision reasonable and enforceable and the remainder of the provisions of this Agreement will in no way be affected, impaired or invalidated as a result.

**General Provisions**

17. Headings are inserted for the convenience of the parties only and are not to be considered when interpreting this Agreement. Words in the singular mean and include the plural and vice versa. Words in the masculine mean and include the feminine and vice versa.

**Entire Agreement**

18. This Agreement constitutes the entire agreement between the parties and there are no further items or provisions, either oral or otherwise.

**IN WITNESS WHEREOF**, the parties have duly affixed their signatures under hand and seal on this 29th day of November, 2011.

SIGNED, SEALED, AND DELIVERED
this 7th day of December, 2011.

Taras Volgemut

SIGNED, SEALED, AND DELIVERED
this 7th day of December, 2011.

Dieter Abt

7

CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

CIVIL CODE § 1189

State of California

County of _Los Angeles_

On _Dec. 07 2011_ before me, _Emmanuel Garcia, a Notary Public_

personally appeared _Dieter Abt_

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

EMMANUEL GARCIA
Commission # 1925370
Notary Public - California
Los Angeles County
My Comm. Expires Feb 12, 2015

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature: _____
                 Signature of Notary Public

Place Notary Seal Above

—————————— OPTIONAL ——————————
Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.

**Description of Attached Document**

Title or Type of Document: _Loan Agreement_

Document Date: _Dec. 07 2011_                    Number of Pages: _008_

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

| Signer's Name: _____ | Signer's Name: _____ |
|---|---|
| ☐ Corporate Officer — Title(s): _____ | ☐ Corporate Officer — Title(s): _____ |
| ☐ Individual | ☐ Individual |
| ☐ Partner — ☐ Limited ☐ General | ☐ Partner — ☐ Limited ☐ General |
| ☐ Attorney in Fact | ☐ Attorney in Fact |
| ☐ Trustee | ☐ Trustee |
| ☐ Guardian or Conservator | ☐ Guardian or Conservator |
| ☐ Other: _____ | ☐ Other: _____ |
| Signer Is Representing: _____ | Signer Is Representing: _____ |

RIGHT THUMBPRINT OF SIGNER — Top of thumb here

RIGHT THUMBPRINT OF SIGNER — Top of thumb here

© 2010 National Notary Association • NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)          Item #5907

8