ADAM D.H. GRANT (State Bar No. 153271)
    agrant@alpertbarr.com
MICHELLE E. GOODMAN (State Bar No. 238429)
    mgoodman@alpertbarr.com
ALPERT, BARR & GRANT
A Professional Law Corporation
6345 Balboa Boulevard, Suite I-300
Encino, California  91316-1523
Telephone:   (818) 881-5000
Facsimile:    (818) 881-1150

Attorneys for Defendant,
DIETER P. ABT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TARAS VOLGEMUT, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> DIETER P. ABT, an individual, <br><br> Defendant. | Case No. 2:12-cv-6678-GHK(MRWx) <br><br> **STIPULATION TO VACATE DEFAULT JUDGMENT BY CLERK** <br><br> Complaint Filed:     August 2, 2012 <br> Judgment Entered:  November 7, 2012 |

WHEREAS on August 2, 2012, plaintiff TARAS VOLGEMUT ("Plaintiff") filed the above-entitled action against defendant DIETER ABT ("Defendant") (the "Federal Court Action");

WHEREAS Defendant failed to appear in the Federal Court Action and a default judgment was entered against Defendant on November 7, 2012 (Dkt. #11) (the "Default Judgment");

WHEREAS the parties have entered into a written agreement, purportedly to settle the underlying dispute that is the subject of the Federal Court Action, and pursuant to which the parties have agreed to vacate the Default Judgment and to enter into a stipulation to vacate the Default Judgment.  Additionally, Defendant contends that the Default Judgment is void, for lack of subject matter jurisdiction.

Therefore, the parties have agreed that upon the Court's vacating of the default judgment, the parties will enter into a stipulation to dismiss the Federal Court Action with prejudice, and in the event that Defendant defaults on the parties' aforementioned written agreement, Plaintiff has the right to file a state court action against Defendant in connection with the underlying dispute on which the Federal Court Action is based.

As a result of the foregoing, Plaintiff and Defendant hereby enter into this stipulation, by and through their respective counsel, to vacate the Default Judgment. The parties request that the Court vacate the Default Judgment.

There exists good cause for vacating the Default Judgment. As discussed above, the parties have entered into an agreement intended to settle the dispute that underlies the above-entitled action. Moreover, in the event that Defendant defaults on such agreement, the parties agree that the appropriate remedy is for Plaintiff to obtain a judgment against Defendant in state court.

Respectfully submitted.

DATED: July 19, 2013            ALPERT, BARR & GRANT
                                A Professional Law Corporation


                                By:       /s/
                                      ADAM D.H. GRANT
                                      MICHELLE E. GOODMAN
                                      Attorneys for Defendant
                                      DIETER P. ABT


*[ADDITIONAL SIGNATURES ARE ON THE FOLLOWING PAGE]*

| | | |
|---|---|---|
| 1 | DATED: July 19, 2013 | VALLE MAKOFF LLP |

By: _____/s/_____
JEFFREY B. VALLE
JULIE J. ROBACK
Attorneys for Plaintiff
TARAS VOLGEMUT

F:\WPDOCS\4219\000\Pleadings\Stip to Vacate Default Judgment.docx
-3-
STIPULATION TO VACATE DEFAULT JUDGMENT BY CLERK